```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
UNITED STATES OF AMERICA,
                                                                    MEMORANDUM
        -against-                                                   OF DECISION AND
                                                                    ORDER

DAVID A. GROSS,                                                     CR 05-0717 (ADS)

                        Defendant.
----------------------------------------------------------X
```

**A P P E A R A N C E S :**

    **LORETTA E. LYNCH**
    United States Attorney
    610 Federal Plaza
    Central Islip, NY  11722
    BY:   JAMES MISKIEWICZ,
           Assistant United States Attorney

    **DAVID A. GROSS**
    Petitioner
    28 Dalton Street
    Long Beach, NY  11561

    **ERIC D. HARMON**
    Senior United States Probation Officer
    United States Probation Department
    202 Federal Plaza
    P.O. Box 9012
    Central Islip, NY  11722

**SPATT, District Judge.**

    This Decision and Order is in response to the letter application supported by an affidavit by the defendant David A. Gross (the "defendant" or "Gross"), dated January 20, 2012, for early termination of the defendant's term of supervised release.

## I. BACKGROUND AND DEFENDANT'S CONTENTIONS

On November 16, 2007, the defendant was sentenced to 33 months and placed on supervised release for a three-year period. According to the defendant, he has completed more than twelve months of his supervised release term, as he commenced his supervised release upon his discharge from custody on June 4, 2010. The defendant now requests early termination of his three-year supervised release sentence as set forth in his affidavit and letter. The defendant advances the following reasons in support of this application:

> "15. Remaining under the supervision of the Department of Probation makes it extremely difficult to find new employment (probationers are required to advise all potential employers of their probationary status and, as one could easily imagine, this status has the potential of greatly decreasing the likelihood of a successful result.) Furthermore, it is demeaning, demoralizing, inconvenient and embarrassing to me. It is also, I (in) my opinion, an unnecessary expense and a burden to society. For these reasons I make this present motion."

Defendant's affidavit at p. 5; repeated verbatim in the defendant's letter dated January 20, 2012.

So that the defendant's reasons for his request for early termination of his supervised release are: (1) difficulty in finding new employment; (2) his supervised release is "demeaning, demoralizing, inconvenient and embarrassing"; and (3) his supervised release is "an unnecessary expense and a burden to society."

The Government opposes this application, stating that there are no new or unforseen circumstances raised by the defendant. See United States v. Kyles, 601 F.3d 78, 86 (2d Cir. 2010) (the District Court is authorized to modify or reduce . . . the condition of supervised release . . . prior to the expiration of the term of supervised release to account for new or unforseen circumstances.").

## II. DISCUSSION

The Court may terminate a term of supervised release and discharge a defendant "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); see United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997) (holding that pursuant to section 3583(e), a district court may permit the early discharge of a defendant from supervised release "in order to account for unforeseen circumstances"). Early discharge is appropriate to "account for new or unforeseen circumstances" not contemplated at the initial imposition of supervised release. See Lussier, 104 F.3d at 36. Changed circumstances that justify early termination include a defendant's exceptionally good behavior that makes the previously imposed term of supervised release "either too harsh or inappropriately tailored to serve" general punishment goals. Id. This determination is within the discretion of the district court. Id.

When determining whether to grant such an application, the Court also must consider the factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(c), (a)(2)(D), (a)(4), (a)(5), and (a)(6). These factors were also weighed by the Court in determining the initial sentence. See 18 U.S.C. § 3583(e)(1); Lussier, 104 F.3d at 36 (the court must consider certain factors in section 3553(a) before ordering early termination of a term of supervised release).

After considering all the statutory factors, the Court finds that the defendant has failed to present facts and circumstances that demonstrate the "exceptionally good behavior" or any other viable reason for termination referred to in the precedents. Gross has satisfied his conditions of supervised release and apparently resumed his pre-incarceration life. The defendant has not stated whether he has resumed working or has been restored to his pre-sentence family life. All

3

of these activities if participated in by the defendant would be commendable but are expected of a person on supervised release and do not constitute the "exceptional behavior" contemplated in the precedents.

As stated in <u>Lussier</u>, early termination is not warranted as a matter of course; on the contrary, it is only "occasionally" justified due to "changed circumstances" of a defendant, such as "exceptionally good behavior." <u>Id</u>. at 36. Therefore, Gross is not entitled to early termination simply because he has successfully served a portion of his supervised release and complied with the conditions imposed. <u>See</u> <u>e.g.</u> <u>United States v. Rusco</u>, 2000 WL 45438, No. 88 CR 819 (S.D.N.Y. January 19, 2000). Full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination.

Also, the fact that supervised release has made it difficult to find new employment is not a reason to grant early termination. Unfortunately, almost every supervised release presents this difficulty. Also, the Court regrets that Gross finds supervised release to be "demeaning, demoralizing, inconvenient and embarrassing." Again, it is regrettable that Gross has these feelings, but it is a temporary situation, which will soon be alleviated. Finally, as to the unnecessary expense to society, the Court finds that his relatively unguarded and moderately screened supervised release is not of great expense. However, in this Court's view, the expense is justified in light of these periods designed to assist defendants in their rehabilitation.

The Court notes, with approval, the language of United States District Judge Robert Sweet in <u>United States v. Medina</u>, 17 F. Supp. 2d 245 (S.D.N.Y. 1998).

Termination of Medina's supervised release is premature. While his post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule.

Accordingly, the application by David A. Gross for early termination is denied.

**SO ORDERED.**

Dated: Central Islip, New York
January 27, 2012

<u>          /s/ Arthur D. Spatt                      </u>
ARTHUR D. SPATT
United States District Judge